```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**DEAN L. BEGGS,**

    **Plaintiff,**

**v.**                                    **Civil Action No. 1:05-0242**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**

### MEMORANDUM OPINION

On March 20, 2006, this court entered a Judgment Order in this matter that adopted the Magistrate Judge's Proposed Findings and Recommendation, denied plaintiff's motion for judgment on the pleadings, granted defendant's motion for judgment on the pleadings, affirmed the final decision of the Commissioner, and dismissed this matter from the court's docket.  This Memorandum Opinion explains the reasons for the court's Judgment Order.

By Standing Order entered on July 21, 2004, and filed in this case on March 24, 2005, this matter was referred to United States Magistrate Judge R. Clarke VanDervort.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge VanDervort to submit proposed findings and recommendation concerning the disposition of this matter.  On February 22, 2006, Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation.  Plaintiff filed his objections on March 7, 2006.  The court has conducted a de novo review of the case.

### A. Plaintiff's Objections

In his objections, plaintiff asserts that the final decision of the Commissioner was not supported by substantial evidence. (See Doc. No. 15 at 1.) Specifically, plaintiff notes that:

(1) the administrative law judge ("ALJ") failed to properly evaluate plaintiff's psychological limitations;

(2) that certain evidence submitted to the Appeals Council was nor properly evaluated; and

(3) that the ALJ's determination that plaintiff's substance abuse problem was material to any disability that he might be found to have was in error.

(See id. at 1-2.)

### B. Analysis

#### 1. Standard of Review

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v.

Perales, 402 U.S. 389 (1971).

## 2.  Legal Analysis

**A.  The ALJ's Evaluation of Plaintiff's Psychological Limitations.**

In his objections, plaintiff contends that the ALJ failed to properly credit a psychological evaluation performed by Melinda Wyatt, M.S., a licensed psychologist.  (See Doc. No. 15 at 2.) Plaintiff avers that the magistrate judge's findings and recommendation erred insofar as it accepted the greater weight the ALJ placed on the opinions of state agency experts.  (Id.) Plaintiff contends that disregarding Wyatt's opinions was a necessity for the ALJ to reach the conclusion that she did. (Id.)

In his proposed findings and recommendation, the magistrate upheld the ALJ's treatment of the Wyatt opinion.  (See Doc. No. 14 at 10.)  Having reviewed the record and applicable case law, the court must accept the finding of the magistrate judge as there is no requirement that the Agency defer to the opinions of persons who have actually examined the claimant.  First, it is clear that Wyatt is not a treating physician whose opinion is entitled to controlling weight as there is no treatment relationship between she and plaintiff.  See 20 C.F.R. § 416.927.

Similarly, the ALJ acted properly when he gave greater weight to the opinions of state agency consultants than

-3-

plaintiff.  Under the regulations, state agency medical and psychological consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation whose opinions must be considered as opinion evidence."  See 20 C.F.R. § 416.927(f)(2)(1).  In the pantheon of persons who regularly provide evidence in Social Security hearings, physicians who are state agency consultants rank higher than chiropractors, lay persons, lawyers, and even treating physicians whose opinions are not justified by objective evidence.  See, e.g., 20 C.F.R. § 416.913 (stating that the Commissioner can only use "acceptable medical sources such as licensed physicians, licensed osteopaths, licensed or certified psychologists, and licensed optometrists" in determining RFC); McDilda v. Barnhart, 2005 U.S. Dist. LEXIS 6060, at *20 (W.D. Va. 2005) (finding that a letter written by a lawyer is not from an "acceptable medical source").

There is no support in the case law for plaintiff's position that the Agency must favor the opinion of a consultative examiner to that of a state medical consultant.  Like any other medical opinion evidence, the opinions of state medical consultants are analyzed under 20 C.F.R. § 416.927, which provides criteria for their evaluation.  The medical opinions of both consultative and non-examining physicians may be relied upon where these opinions are consistent with the medical findings of record.  See Smith v.

-4-

Cohen, 795 F.2d 343, 346 (4th Cir. 1986).  Here, as the magistrate judge noted, portions of Dr. Wyatt's opinion were discounted because they were either based entirely on claimant's self-report and because statements contained in it were internally inconsistent.  (See Doc. No. 14 at 10-11.)  The regulations allow the Agency under such circumstance give flawed evidence less weight, and, as such, the ALJ acted reasonably in using them to discount the Wyatt opinion.

In turn, given the permissible bases for discounting the Wyatt opinion, the ALJ acted properly in relying on the residual functional capacity assessment of Marcel G. Lambrechts, M.D., who found that claimant was able to perform work at the light exertional level subject to additional limitations imposed by the ALJ.  (See R. 23, 346-54.)  Dr. Lambrechts' opinion was supported by that of Robert Solomon, Ed.D., a second consultative examiner, who similarly found that plaintiff's mental impairments were not severe.  (See R. 332-45.)  Given that the state consultants' opinions were both supported by the record, the ALJ acted appropriately in assigning them the weight that he did.  Accordingly, plaintiff's first objection is OVERRULED.

**B.  Appeals Council Handling of New Evidence.**

Plaintiff's second objection is that the magistrate judge erred when he did not remand this case for additional treatment of evidence submitted to the Appeals Council but not discussed.

(See Doc. No. 15 at 2.)  As the magistrate judge noted, while the question of whether the Appeals Council is required to make findings on evidence submitted after the ALJ's decision is not clear in the Fourth Circuit, this court has adopted the approach that, the court must determine whether new evidence "creates a 'conflict,' is 'contradictory,' or 'calls into doubt any decision grounded' [in the evidence." Short v. Barnhart, Civil Action No. 1:04-0878 (S.D. W. Va. Oct. 4, 2005) (quoting Camper v. Barnhart, 2005 WL 1995446, at *5 (W.D. Va. Aug. 16, 2005)).

Here, the magistrate judge found that the bulk of the evidence submitted to the Appeals Council was previously included in the medical evidence considered by the ALJ.  (See Doc. No. 14 at 13-14.)  The court's review of the record indicates that the magistrate judge's evaluation of the additional evidence submitted by plaintiff was appropriate: none of it creates a conflict or provides any basis for changing the Commissioner's decision.  (See id. at 15-16.)  As such, plaintiff's second objection is accordingly OVERRULED.

### C. Plaintiff's Alleged Substance Abuse Problem.

Plaintiff's final objection is that the magistrate judge improperly accepted the ALJ's views as to the effects plaintiff's previous substance abuse problem had on plaintiff's ability to work.  (See Doc. No. 15 at 3-4) (discussing Doc. No. 14 at 17).  Plaintiff's objections quote the magistrate judge's proposed

findings and recommendation, and then aver that the magistrate judge's findings are in direct conflict with the ALJ's language, which states that "claimant's credibility is somewhat suspect inasmuch as there is evidence of inconsistent statements, drug seeking behavior, and comments from clinicians indicative of symptom magnification for the purposes of obtaining narcotics." (See id.) (discussing R. at 22, Doc. No. 14 at 16).  Plaintiff asserts that the ALJ's take on plaintiff's current drug-related behavior improperly interfered with her determination as to plaintiff's credibility.  (Id. at 4.)

There are two ways to take this objection, and both necessarily fail. First, as the magistrate judge noted, the ALJ did not find that plaintiff's past abuse of alcohol affected his ability to work.  (See Doc. No. 14 at 15-17.)  Such, any objection to the contrary must be overruled.  Second, plaintiff's attempts, through his objections, to have this court interfere with the ALJ's determinations as to plaintiff's credibility must also fail.  See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (stating that reviewing court's must not "re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for that of the Secretary."); Hatcher v. Secretary, HHS, 898 F.2d 21, 23 (4th Cir. 1990) (stating that it is well-settled that credibility determinations are in the province of the ALJ, and that reviewing courts ought not interfere with those

determinations).

Having reviewed the record in its entirety, because the ALJ had an opportunity to observe plaintiff's demeanor and to determine his credibility, observations such as those the ALJ made are to be given great weight. See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). As such, insofar as plaintiff's third objection seeks to have this court overturn a credibility determination, it is accordingly OVERRULED.

### C. Conclusion

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition or combination of conditions which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears the ALJ properly considered all of the objective and subjective evidence in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. Defendant's motion for judgment on the pleadings must be granted.

It is SO ORDERED this 20th day of March, 2006.

Enter:

David A. Faber
Chief Judge